In the Matter of DAVIS ENGINEERING CORPORATION, Respondent, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.

First Department, November 1, 1948.

*Murray Rudman* of counsel (*Seymour B. Quel* and *Stanley Buchsbaum* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*Harry Sabbath Bodin* of counsel (*Murray C. Spett* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett,* attorneys), for respondent.

*Per Curiam.* Petitioner submitted four oil preheater appliances to the Board of Standards and Appeals for approval. This was refused solely on the ground that the devices failed to conform to the provisions of subdivision 7.2.2 of rule 7 of the Oil Burner Rules promulgated by the board.

The present proceeding was instituted to review the board's determination in the matter. A reference was directed to take additional proof. There were extended hearings before the referee, who reported that the decision of the board did not rest on reasonable grounds, was arbitrary and capricious, and without substantial basis. The Special Term adopted and confirmed the referee's report, and reversed the determination of the board and ordered approval of petitioner's appliances.

The pertinent regulation (Oil Burner Rules, rule 7, subd. 7.2.2), so far as material, provides that " * * * Oil preheaters shall not be installed in the steam or water space of the boiler." The record discloses that petitioner's devices are externally attached and not installed in the steam or water space of the boiler. It appears, however, that there is a direct contact or connection between the appliances and the boiler itself.

On the whole record, including the proof before the referee, we find that there was sufficient and substantial evidence to show that (1) petitioner's preheating devices were so connected (at least in the sample or model installation) as to make it possible for oil to leak into the steam or water space of the boiler in the event of a fracture in the oil pipe or tubes within the preheater, and (2) the presence of oil in the boiler presented an element of danger sufficient to warrant the board in refusing approval of a device that would create or increase such danger.

It seems clear that the purpose of the regulation in question (Oil Burner Rules, rule 7, subd. 7.2.2) was to prevent any danger arising through a leakage of oil from a preheater into the steam or water space of the boiler. If, therefore, the decision of the board was intended to mean that petitioner's appliances were not in conformance with the purpose and spirit of the rule, we think that such a holding would not have been arbitrary and. capricious. Accordingly, we disagree with the report of the referee to the extent that it may hold anything to the contrary. While much of the proof before the referee was not received before the board, it must be remembered that the question is not one of weight of evidence. Otherwise, we might well be in accord with the referee's findings.

The proof before the referee indicates that safety devices are available for use in connecting preheaters to boilers externally and thus lessen materially the danger from leakage of oil. At the time when petitioner's application was submitted for consideration, the board had not adopted any specific rule requiring that applicants for approval of such preheaters show the particular manner in which their appliances were proposed to be connected. Accordingly, petitioner's application did not indicate that any safety devices were to be used in connecting its preheaters to the boiler. The evidence received before the referee as to the effect of employing these safety devices convinces us that the question of approval of petitioner's preheaters might be materially affected if such evidence were presented to the board.

Under the circumstances we think that the proper procedure is to remit the matter to the board for further hearing on petitioner's application. On rehearing the board may receive oral evidence such as was taken before the referee. In this way the board will have an opportunity to clarify its decision, and the technical question involved in approving or disapproving petitioner's preheater appliances if equipped with appropriate safety devices to prevent leakage of oil will be determined in

the first instance by the board consisting of engineers and others skilled in the field rather than by a judicial officer upon proof first received before the latter.

If an amended application is necessary, petitioner should be permitted to file the same to the end that this long-pending matter be expeditiously determined after a full hearing before the board. Of course, any further decision of that body will be subject to review as provided by law.

The order appealed from should be reversed and the matter remitted to the Board of Standards and Appeals for further hearing in accordance with this opinion, with costs to the appellants to abide the event.

Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.

Order unanimously reversed, with costs to the appellants to abide the event, the motion granted and the matter remitted to the Board of Standards and Appeals for further hearing in accordance with opinion.